UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 05-60510-CIV-ALTONAGA/Turnoff**

ANDREW JOHNSON,

    Plaintiff,

v.

COMMUNICATIONS SUPPLY CORP.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendant's Motion to Tax Costs **[DE 125]**. This matter was referred to the undersigned by the Honorable Cecilia M. Altonaga, District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. §636(b) **[DE 128]**. The Court has reviewed the written submissions, the applicable law, the record, and is otherwise duly advised in the premises.

The Court entered a Final Judgment for Defendant on June 22, 2006 **[DE 122]**. Defendant seeks to recover its costs as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d). Pursuant to Rule 54(d)(1), of the Federal Rules of Civil Procedure, "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

Defendant requests that costs be taxed in the total amount of $7,261.28,[1] as follows:

---

[1] This is the total amount of costs requested pursuant to the revisions contained in Defendant's Reply **[DE 130]**. In its Motion for Costs, Defendant originally requested costs in the total amount of $7,510.43.

Case No.: 05-60510-CIV-ALTONAGA/Turnoff

1. Fees for service of summons and subpoena - $847.00;

2. Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case - $5,300.52;[2]

3. Fees for witnesses - $242.00; and

4. Other costs - $871.76. Moreover, Defendant seeks interest on any judgment of costs awarded in its favor, pursuant to 28 U.S.C. §1961.

Plaintiff argues that many of the costs requested by Defendant are excessive or impermissible.

**1.  Fees for service of summons and subpoena**.

Defendant requested $847.00 in fees for service of summons and subpoena and attached a Subpoena Cost Summary as Exhibit A. The undersigned notes that the first entry in Exhibit A in the amount of $50.00 is for service of a subpoena duces tecum upon Steve Fisher on August 30, 2005. Although no invoice was attached to support this expenditure, Plaintiff did not object to it.

Plaintiff disputed the second entry in Exhibit A in the amount of $100.00 for service of a summons on the third-party Defendant, Randstad. Plaintiff argued that this expense was not recoverable, because it was not mandatorily incurred as it was Defendant's own decision to file that third-party claim. Defendant responded that Plaintiff offered no support that the recovery of costs is dependent upon whether they were incurred mandatorily. Plaintiff further disputed the reimbursement for the service of subpoenas for trial for four witnesses, because the trial never occurred. Defendant responded that the fact the trial

---

[2]This is the amount requested pursuant to Defendant's Reply **[DE 130]**. In the Motion for Costs, Defendant originally requested the amount of $5,549.67.

Case No.: 05-60510-CIV-ALTONAGA/Turnoff

did not take place is not definitive in a recovery analysis or else no costs would ever be recovered on pre-trial dispositions. Plaintiff finally argued that the costs should not include rush fees. Defendant responded that it ultimately was attempting to save costs rather than incur them by attempting to obtain voluntary acceptance of service and by waiting for a ruling on the pending motion for summary judgment which would have negated the need for service altogether. Neither circumstance occurred, thus necessitating the service of the subpoenas on a rush basis. The undersigned finds that the cost of service is recoverable but not the cost incurred as a result of rush or same-day service.

Plaintiff suggested that the aforementioned costs should be reduced by $425.00, for a total award of $422.00. The undersigned has reviewed these costs and finds that they should be reduced by $320.00 (representing rush fees, same-day service fees, and Federal Express fees), allowing an award of **$527.00**.

### 2. Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.

Defendant originally requested $5,549.67 in fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case and attached a Deposition Costs Summary as Exhibit B. In its Reply, Defendant acknowledged that the cost of the mini-transcripts and the ASCII transcripts were not recoverable and adjusted its requested costs to $5,300.52. Nevertheless, Defendant urged the Court to consider awarding costs for the ASCII transcripts. According to Defendant, there is no Eleventh Circuit precedent precluding such an award. In support, Defendant pointed to the growing importance and reliance upon technology as evidenced by the Court's recent implementation of the case

Case No.: 05-60510-CIV-ALTONAGA/Turnoff

management/electronic case filing system. Defendant argued that the ASCII transcripts were to be loaded onto a laptop to be displayed at trial in an effort to avoid physical copies. Had physical copies been made, the costs would be recoverable under "fees for exemplification and copies of papers necessarily obtained for use in the case." The undersigned considered Defendant's arguments regarding technological advancement, and nevertheless, finds that, consistent with the weight of authority, the cost of ASCII transcripts is not recoverable. See, e.g. Price v. United Technologies Corp., Case No. 99-8152 2000 U.S. Dist. LEXIS 21504 (S.D. Fla., Nov. 16, 2000)(finding that "[m]ost courts have reasoned that mini transcripts and disk copies are only for the convenience of counsel"); Buffone v. Rosebud Restaurants, Inc., 2006 WL 3196931 (N.D. Ill., October 31, 2006)(denying recovery of the cost of ASCII transcripts finding that they are for attorney's convenience and are not necessary to litigation); K.M. v. School Bd. of Lee County, Florida, 2006 WL 2506960 (M.D. Fla., August 9, 2006)(finding that the cost of ASCII transcripts is not a taxable cost).

Plaintiff argued that the teleconference fee for out-of-state depositions was not recoverable. Defendant responded that the telephone conference call fee was necessary, because the witness was identified as a potential trial witness by Plaintiff in his initial disclosures, and ultimately cost-saving as it avoided a trip. The undersigned finds that the teleconference fees are not recoverable statutory costs. As such, $154.88 shall be deducted from Defendant's costs.

In sum, Plaintiff sought a reduction of $735.83 for a total of $4,813.84. The undersigned reviewed these costs and finds that the costs should be reduced by $236.08

Case No.: 05-60510-CIV-ALTONAGA/Turnoff

(representing costs for ASCII transcripts and teleconference fees), allowing an award of **$5,064.44**.

    **3.    Fees for witnesses.**

Defendant requested $242.00 in witness fees and attached a Witness Fee Cost Summary as Exhibit C.  Plaintiff argued that $150.00 represented witness fees for a trial that never occurred and sought a reduction of this amount for a total of $92.00.  Defendant responded that there was no legal support for Plaintiff's argument.  Defendant argued that it was entitled to recover costs even if witnesses did not testify at trial, and in support, cited Morrissey v. County Tower Corp., 568 F. Supp. 980, 982 (E.D. Mo. 1983), where the trial court allowed taxation of trial witness fees even though witnesses did not testify, because the trial was terminated at the close of plaintiff's case.  See also, American Home Assur. Co. v. The Phineas Corp., 2004 WL 3142554 (M.D. Fla., 2004).  The undersigned has reviewed these costs and finds that the amount of **$242.00** is recoverable.

    **4.    Other costs - Travel Fees for Depositions.**

Defendant requested $871.76 in travel fees for depositions and attached a Travel Fees for Depositions Summary as Exhibit D.  The travel costs involved the depositions of Plaintiff and his wife in Connecticut.  Defendant argued that Plaintiff's wife was identified as a witness with relevant information and as a witness who would testify at trial.  Plaintiff argued that Defendant had already taken his deposition when it flew to Connecticut to depose his wife and that this expense was attributable to Defendant's third-party claim against Randstad, which was settled with a provision that each party would bear its own

Case No.: 05-60510-CIV-ALTONAGA/Turnoff

costs.

Plaintiff argued that, based upon Camina Service, Inc. v. Shell Oil Company, 1993 U.S. Dist. at LEXIS 1195 (S.D. Fla. 1993), travel expenses for attorneys are not taxable costs. Defendant argued that Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994), which was decided after Camino, held that travel expenses were appropriate expenses under §1920 to the extent that they were reasonable.

The undersigned has reviewed the costs and finds that travel expenses are not taxable pursuant to §1920. See, e.g., Scelta v. Delicatessen Support Services, Inc., 203 F.Supp.2d 1328 (M.D. Fla., 2002)(finding attorney's travel expenses are not recoverable under §1920); and Coss v. Sunbelt Rentals, Inc., 2005 WL 2088430 (M.D. Fla., 2005)(finding that travel expenses are not taxable pursuant to §1920). Therefore, these costs shall be reduced by **$871.76.**

For the reasons stated above, the undersigned finds that Defendant is entitled to recover the aforementioned costs from Plaintiff in the total amount of **$5,833.44**.

### Interest

Pursuant to 28 U.S.C. §1961, Defendant sought interest on any judgment of costs awarded in its favor from June 22, 2006, the date of the Final Judgment, which claim Plaintiff does not dispute. Interest is permitted on the award of attorney's fees and costs from the date of entry of the original judgment. See Georgia Assoc. of Retarded Citizens v. McDaniel, 855 F.2d 794 (11 Cir.1988); citing Gates v. Collier, 636 F.2d 942 (5 Cir.1981). Pursuant to Title 28 U.S.C. §1961(a), the post judgment interest is calculated from the date

Case No.: 05-60510-CIV-ALTONAGA/Turnoff

of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.  The post-judgment interest rate immediately prior to June 22, 2006, the date of entry of the final judgment, was 5.13 percent, the rate set on June 13, 2006.  Therefore, the undersigned finds that Defendant is entitled to recover $5,833.44 plus post-judgment interest at the rate of 5.13 percent, pursuant to 28 U.S.C. §1961.

After careful review of the record and for the aforesaid reasons, the undersigned does hereby **RECOMMEND** that Defendant's Motion to Tax Costs **[DE 125]** be **Granted-in-part and Denied-in-part**, and that Defendant recover from Plaintiff the total amount of $5,833.44 in costs, plus post-judgment interest at the rate of 5.13 percent, pursuant to 28 U.S.C. §1961.

Pursuant to S.D. Fla. Magistrate Judge Rule 4(b), the parties may serve and file written objections with the Honorable Cecilia M. Altonaga, United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 14th day of December 2006.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

Copies provided:
Honorable Cecilia M. Altonaga
All counsel of record